**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4945**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM FELTON HARRIS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:08-cr-00083-F-1)

─────────────

Submitted:  June 15, 2009              Decided:  July 10, 2009

─────────────

Before MOTZ, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, J. Gaston B. Williams, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Felton Harris pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He received a sentence of forty-six months' imprisonment. On appeal, Harris contends the district court failed to adequately consider the arguments made during sentencing regarding his ties to his family and did not adequately explain its rationale for the sentence imposed.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory guideline range. Id. at 596-97. A sentence within the properly calculated guideline range may be afforded an appellate presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2459, 2462 (2007). We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Gall, 128 S. Ct. at 597.

2

When rendering a sentence, the district court "must make an <u>individualized</u> assessment based on the facts presented." That is, the sentencing court must apply the relevant § 3553(a) factors to the specific circumstances of the case before it. Such individualized treatment is necessary "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

<u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (quoting <u>Gall</u>, 128 S. Ct. at 597-98) (internal citations omitted). Under <u>Carter</u>, the sentencing judge is required to "state in open court the particular reasons supporting its chosen sentence." <u>Id.</u> (internal quotation marks and citation omitted). In so doing, the district court must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" <u>Id.</u> (quoting <u>Rita</u>, 127 S. Ct. at 2468).

Finally, assuming no procedural infirmity, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007) (quoting <u>Gall</u>, 128 S. Ct. at 597). When reviewing the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error and questions of law de novo. <u>United States v.</u>

Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008).

It is clear from the record that the district court correctly calculated Harris's advisory guidelines range, and Harris does not argue otherwise. However, despite the presumption of reasonableness that Harris's within-guidelines sentence may be afforded, we conclude that Harris's sentence is procedurally unreasonable. The district court failed to state the reasons supporting Harris's sentence, or otherwise indicate that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita, 127 S. Ct. at 2468; see also Carter, 564 F.3d at 330.

Harris's attorney gave a lengthy statement regarding Harris's close family ties and the importance of family in Harris's successful rehabilitation. Despite this, the district court's explanation for the selected sentence was wholly conclusory: "The court has considered [the advisory guideline range] as well as other relevant factors set forth in the advisory sentencing guidelines and those set forth in 18 United States Code Section 3553(a)." J.A. 33. Thus, the court failed to indicate what factors in particular supported the sentence, and the manner in which they did so. In neglecting this step, the court did not give Harris the individualized assessment required by Carter. Similarly, the judge made no reference to

4

the arguments made by Harris's counsel during sentencing, and gave no indication that such arguments were considered. Thus, because "the record here does not demonstrate that the district court conducted . . . an [individualized] assessment and so does not reveal why the district court deemed the sentence it imposed appropriate, we cannot hold the sentence procedurally reasonable." Carter, 564 F.3d at 330.

Accordingly, while we affirm Harris's conviction, we vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and further argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART