**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4941**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

WILLIAM FELTON HARRIS,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:08-cr-00083-F-1)

─────────────

Submitted:  April 5, 2010         Decided:  April 21, 2010

─────────────

Before MOTZ, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Felton Harris pled guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to forty-six months' imprisonment on September 17, 2008. United States v. Harris, No. 5:08-cr-00083-F-1 (E.D.N.C. Sept. 17, 2008). Harris timely appealed his sentence, arguing that it was procedurally unreasonable because the district court failed to adequately explain its sentence as required by United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We agreed, vacated Harris's sentence, and remanded for resentencing to allow the district court to conduct the required individualized assessment and place its findings on the record. United States v. Harris, 337 Fed. App'x 371 (4th Cir. July 10, 2009) (No. 08-4945).

On remand, the district court again sentenced Harris to forty-six months' imprisonment. Harris filed a timely appeal. On appeal, Harris contends that the sentencing court again committed procedural error because it failed to explain why Harris's family ties did not merit a lower sentence. We affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts

2

are charged with reviewing sentences for reasonableness, considering both the procedural and substantive reasonableness of a sentence. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 552 U.S. at 51. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). "The district court 'must make an individualized assessment[,]' . . . apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (quoting Gall, 552 U.S. at 50). Additionally, a district judge must detail in open court the reasons behind the chosen sentence, "'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the

circumstances, including the extent of any variance from the [g]uidelines range.'" <u>Pauley</u>, 511 F.3d at 473 (quoting <u>Gall</u>, 552 U.S. at 51).

After reviewing the record, we find that the district court adequately explained its chosen sentence, and that Harris's sentence is both procedurally and substantively reasonable. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>